(Sitting in First Circuit.)

### RYAN v. MIAMI RAILWAY CO.

CREDITOR OMITTED FROM COMPROMISE NOT ENTITLED TO DIFFERENCE BETWEEN AMOUNT PAID AND STOCKHOLDERS ACTUAL LIABILITY.

A creditor omitted from a compromise settlement between creditors and stockholders of a corporation, under the latters statutory liability, is only entitled the *pro rata*, share which he would have received had there been no compensation.

In this old case the stock holders entered into an agreement with all the creditors save one, whereby they paid a certain amount to the creditors in full satisfaction of the claim against them on account of their statutory liability. Subsequently the one creditor who was not made a party to the agreement, a Mr. Ferris, came in and demanded payment of his claim in full, on the theory that the stockholders were liable to him to the full amount of their holdings, and that the difference between the amount which they had paid in settlement with the other creditors and the full amount of their liability would be more than sufficient to pay him in full.

CALDWELL, J., in an oral opinion, held that Ferris is only entitled to the amount which he would have received had there been no composition between the stockholders and the other creditors, and the stock had been assessed to the full amount, and each creditor had received his *pro rata* share, it being conceded that the stock would not have yielded enough to have paid the creditors in full.

*Gorman & Thompson*, for plaintiff.

*Paxton, Warrington & Boutet, contra.*